Case No. 8:18-cv-01178-JLS-DFM　　　　　　　　　　　　Date: July 16, 2018
Title: Guy Salazar v. Univacco Foils Corporation et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:

　Not Present　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS)　ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

　　　A plaintiff must plead subject matter jurisdiction in its complaint. *See Rilling v. Burlington N. R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990). The Court may raise the issue of subject matter jurisdiction at any time, sua sponte. *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

　　　Generally, subject matter jurisdiction is based on the presence of complete diversity between the parties, *see* 28 U.S.C. § 1332, or on the presence of an action arising under federal law, *see* 28 U.S.C. § 1331. Here, Plaintiff alleges federal subject matter jurisdiction under based on diversity. (Compl. ¶ 1, Doc. 1.) However, Plaintiff further alleges that he and Defendant Univacco Foils Corporation are both citizens of California. (*Id.* ¶¶ 3-4.) It therefore appears to the Court that complete diversity does not exist.

　　　Accordingly, the Court ORDERS Plaintiff to show cause in writing within **fourteen (14) days** of this Order why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Failure to respond by the above date will result in immediate dismissal of the action.

　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer: tg